



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
Texas State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-2262
Re: Construction of Art. 666-45,
Vernon's Penal Code.

In your letter of April 23, 1940, addressed to this department, you quote from Article 666-45, Vernon's Penal Code. You state that, the Texas Liquor Control Board has filed with the State Board of Control requisition for necessary liquor and beer tax stamps, and that the Board of Control has awarded a contract for engraved liquor stamps; as yet, however, the contract has not been executed.

With these facts in mind, you request our opinion on the following two questions:

"1. Under the above Article which Board is to decide whether printed or engraved stamps are to be used?

"2. Does the expression 'engraved or printed' as used mean an act of printing, i. e. is 'engraving' included in the term 'printing' and is an engraved liquor tax stamp a printed article?"

Subdivision (a), Article 666-45, Vernon's Penal Code, provides:

"Art. 666-45. Printing and sale of stamps.

"(a) It shall be the duty of the Texas Liquor Control Board and the Board of Control to have engraved or printed all necessary liquor and beer tax stamps as provided in both Articles I and III of this Act. Such stamps

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Knox, Chairman, page 2

shall be of such design and denomination as
the Texas Liquor Control Board shall from
time to time prescribe and shall show the
amount of tax, the payment of which is evi-
denced thereby, and shall contain the words
'Texas State Tax Paid.' All contracts for
stamps required by this Act shall be let by
the Board of Control as provided by law. The
Texas Liquor Control Board is authorized to
expend all necessary funds from time to time
to keep on hand an ample supply of such stamps."

The first sentence of this statute recognizes
that both the Liquor Control Board and the Board of Con-
trol have duties to perform in providing the necessary
liquor tax stamps. As provided in Article 666-45, the
respective duties of these two boards are; first, the
Liquor Control Board shall determine the design of the
stamps; then the Board of Control must let the contracts
as provided by law; and finally, the Liquor Control Board
is to expend the necessary funds to keep an ample supply
of such stamps on hand.

In enacting the Texas Liquor Control Act, (House
Bill No. 77, 44th Leg., 2nd C.S., 1935, as amended by House
Bill No. 5, 45th Leg., Reg. Ses. 1937) the Legislature
created the Texas Liquor Control Board and vested in this
Board, primarily, the duty of administering and enforcing
said act (Sections 5 and 6, House Bill No. 77, supra; Sec-
tions 5 and 6, House Bill No. 5, supra). In view of the
broad powers of administration and supervision which were
vested in this board, it would seem to comply with the
legislative intent to construe the provision relating to
the designing of stamps to mean that the Liquor Control
Board was authorized to determine whether printed or en-
graved stamps are to be used. The legislative history of
Section 45 of the Act confirms this construction. This pro-
vision as originally enacted by H. B. No. 77, 44th Legisla-
ture, read as follows:

"Sec. 45. (a) It shall be the duty of the
State Treasurer and Board of Control to have en-
graved or printed the stamps necessary to comply
with Section 21 of this Article and to sell same
to all persons upon demand and payment therefor.

Honorable Harry Knox, Chairman, page 3

> The State Treasurer shall be responsible for
> the custody and sale of such stamps and for
> the proceeds of such sales under his official
> bond. Such stamps shall be of such design and
> denomination as the Board shall from time to
> time prescribe and shall show the amount of
> tax, the payment of which is evidenced thereby,
> and shall contain the words 'Texas State Tax
> Paid.'" (Underscoring ours.)

As amended by H. B. No. 5, 45th Legislature, it provides:

> "Sec. 45. (a) It shall be the duty of
> the Texas Liquor Control Board and the Board
> of Control to have engraved or printed all
> necessary liquor and beer tax stamps as provid-
> ed in both Articles I and II of this Act. Such
> stamps shall be of such design and denomination
> as the Texas Liquor Control Board shall from
> time to time prescribe and shall show the amount
> of tax, the payment of which is evidenced there-
> by, and shall contain the words 'Texas State Tax
> Paid.' All contracts for stamps required by
> this Act shall be let by the Board of Control as
> provided by law. The Texas Liquor Control Board
> is authorized to expend all necessary funds from
> time to time to keep on hand an ample supply of
> such stamps." (Underscoring ours.)

As originally enacted, there existed the possi-
bility of a misunderstanding as to which board was to de-
sign the stamps. The Legislature recognized this possi-
bility and, for the purpose of clarifying the Act, (as is
shown in the caption to House Bill No. 5, supra,) replaced
the word "Board" with "Liquor Control Board." After ob-
serving that the Legislature has been particularly cautious
in providing that the Texas Liquor Control Board shall
specify the design of these stamps, we feel that we would
be defeating the intention of the Legislature to hold that
such Board could comply with the duties so imposed upon
them by merely drawing a picture and specifying the size
and shape of such stamps.

In our Opinion No. 0-2260 (a copy of which we
are enclosing), this department held that the intention of
the Legislature in providing that the Liquor Control Board
shall design these stamps, was to prevent, as far as poss-

Honorable Harry Knox, Chairman, page 4

ible, any counterfeiting or forging of liquor stamps, and that the Liquor Control Board was authorized to specify the size, shape, and method of printing liquor stamps. We follow this opinion and by virtue of the authorities and reasons therein set out, in addition to the fact that the Liquor Control Board has been vested with broad powers for administering and enforcing the Liquor Control Act, we are of the opinion that the Texas Liquor Control Board has the duty of deciding whether printed or engraved stamps are to be used.

We now direct our attention to your second question.

Words very often have different meanings and may be used so as to convey different ideas. So it is with the word "engraved." On the one hand, "engraved" may be used so as to mean "To cut in; to make by incision; to cut with a graving instrument in order to form an inscription or pictorial representation...." Webster's New International Dictionary. On the other hand, "engraved" may be used so as to mean "....to print by means of a plate so formed, often specif., in raised or embossed characters; as, to engrave a calling card." Webster's New International Dictionary. Recognizing this fact, in determining the meaning of a word as it is used in a statute, the inquiry is not as to the abstract meaning of the word but as to the sense in which it is used, and this demands a consideration of the context, subject matter, and intention of the Legislature. 39 Tex. Jur., Sec. 104, p. 196.

The Legislature has provided in Article 666-45, supra, "...All contracts for stamps required by this Act shall be let by the Board of Control as provided by law..." There are only two statutes which the Legislature could have had in mind, and these are Article 608 and Article 634, Vernon's Revised Civil Statutes, 1925. Article 634 relates to the purchase of supplies, and by the express terms of the statute, this refers to such articles as furniture, fixtures, books and technical instruments. On the other hand, Article 608 refers specifically to printing, stationery and supplies of like character. The Legislature having provided for the printing or engraving of the necessary liquor stamps, it is clear that they contemplated that the stamps would be let in compliance with Article 608, Supra. In view of the above

analysis of the pertinent statutes, we are of the opinion that the word "engraved" as used in Article 666-45, supra, means the act of transferring impressions from a "form" or plate to paper or other suitable substance, or, as defined by Webster's International Dictionary, "....to print by means of a plate so formed, often specif. in raised or embossed characters; as, to engrave a calling card."

We are referred to 20 C. J. 1262, note 69, which cites the case of Matter of American Banknote Co., 27 Misc. 572, 575, 58 N. Y. Supp. 275, and to Youreg (Yuengling) vs. Schile, 12 Fed. 97, as authority for the proposition that printing and engraving are always to be distinguished. Law books such as Corpus Juris are referred to as text or source books and are authorities only insofar as they are supported by the cases cited therein. We have carefully examined the case of Matter of American Banknote Co., supra, and find that this decision was rendered by a lower court in New York. On further examination, we find that this decision (of the lower court) was reversed by the Appellate Division of New York, People ex rel. American Banknote Co. vs. Morgan, 60 N. Y. Supp. 1109, and this reversal was affirmed by the highest court of the State of New York. People ex rel. American Banknote Co. vs. Morgan, 57 N. E. 1120.

We have also examined the case of Yuengling vs. Schile (Circuit Court, New York 1882), 12 Fed. 97, and do not believe that this case is in point. In that case, the copyright statutes of the Federal Government under consideration provided, in substance, that a citizen or resident of this country might obtain a copyright of any book, map, print, chromo, and other similar articles of which he was proprietor. The court held, in substance, that "a print" meant any mark or form made by impression or printing, anything printed, or a picture impressed from an engraved plate.

Trusting that this satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 6, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By _Walter R. Koch_
Walter R. Koch
Assistant

By _Harry A. Shuford_
Harry A. Shuford

HAS:oe

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN